# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Cynthia E. Bennett Wright,                )<br>                                                            )<br>                        Plaintiff,            )<br>v.                                                         )<br>                                                            )<br>Carolyn W. Colvin,                             )<br>Acting Commissioner of Social Security,  )<br>                                                            )<br>                        Defendant.          )<br>_____ ) | Civil Action No. 5:12-cv-02284-JMC<br><br>**ORDER AND OPINION** |

Plaintiff Cynthia E. Bennett Wright ("Plaintiff") filed this action seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("the Acting Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, the matter was referred for pretrial handling to United States Magistrate Judge Kaymani D. West. On August 29, 2013, the Magistrate Judge issued a Report and Recommendation ("the Magistrate Judge's Report") in which she recommended affirming the Acting Commissioner's final decision that Plaintiff was not disabled because (1) the Magistrate Judge found the Administrative Law Judge ("ALJ") conducted a proper Step Three[1] analysis in determining that Plaintiff's mental impairment failed to meet a listed impairment and (2) the ALJ did not err in failing to consider the opinion of Dr. C. Barton Saylor, Plaintiff's examining physician, in establishing Plaintiff's residual functional capacity ("RFC"). (ECF No. 41 at 1-3.)

---

[1] "At step three, the [ALJ] must determine whether the [plaintiff's] impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Pr. 404, Subpt. P, App'x 1 . . . . If the [plaintiff's] impairment or combination of impairments meets or medically equals the criteria of a listing and meets the duration requirements . . . , the [plaintiff] is disabled. If it does not, the analysis proceeds to the next step." (ECF No. 41 at 2 n. 2.) (internal quotations omitted).

Plaintiff subsequently filed objections to the Magistrate Judge's Report. (ECF No. 38.) On March 31, 2014, after careful review of the record, the court entered an order rejecting the Magistrate Judge's Report, reversing the Acting Commissioner's final decision, and remanding the matter for further proceedings. (ECF No. 41.)

The matter is now before the court for resolution of Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 43.) Plaintiff seeks attorneys' fees in the amount of $8,004.87 plus costs of $350.00. (Id. at 1.) On May 19, 2014, the Acting Commissioner filed opposition to Plaintiff's Motion for Attorney's Fees, asserting that the government's position was substantially justified.[2] (ECF No. 44 at 1.) For the reasons set forth below, the court **DENIES** Plaintiff's motion with respect to attorneys' fees and **GRANTS** Plaintiff's motion with respect to costs.

## I.     LEGAL STANDARD AND ANALYSIS

A. <u>Motion for Attorney's Fees and Costs under the EAJA</u>

The EAJA permits a prevailing party in litigation against the United States to recover attorneys' fees and costs under certain conditions. <u>See</u> 28 U.S.C. § 2412. Specifically, a court awards these costs if: (1) the claimant is a "prevailing party;" (2) the government's position was not substantially justified; (3) no special circumstances make such an award unjust; and (4) the claimant filed a timely petition with an itemized statement in support of the requested award. 28 U.S.C. § 2412(d)(1); <u>see</u> <u>Crawford v. Sullivan</u>, 935 F.2d 655, 656 (4th Cir. 1991).

The government bears the burden of proving that its position was substantially justified. <u>Thompson v. Sullivan</u>, 980 F.2d 280, 281 (4th Cir. 1992). Accordingly, the government must

---

[2] The Acting Commissioner specifically objects to the awarding of attorneys' fees. As for the costs Plaintiff requests, the Acting Commissioner notes "that costs are paid from the Judgment Fund and not from agency funds." (ECF No. 44 at 1 n.1 (citing 28 U.S.C. § 1920).)

show that its position has a "reasonable basis both in law and fact." Id.; see also Pierce v. Underwood, 487 U.S. 552, 565 (1988) ("Substantially," as conveyed in 28 U.S.C. § 2412(d) means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person."). "In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts." Thompson, 980 F.2d at 281.

The standard to be applied in determining whether the government was "substantially justified" for purposes of determining whether award of attorneys' fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the government's position, not whether there was some evidence to support its position. Anderson v. Heckler, 756 F.2d 1011, 1013 (4th Cir. 1984). "Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, it was not substantially justified." Makinson v. Astrue, 586 F. Supp. 2d 491, 495 (D.S.C. 2008) (citing Randolph v. Sullivan, 738 F. Supp. 305, 306 (C.D. Ill. 1990)).

B. Plaintiff's Motion for Attorney's Fees

Plaintiff contends that she is the prevailing party in this action and the position taken by the Acting Commissioner in the matter was not "substantially justified" within the meaning of the EAJA. (ECF No. 43 at 1.) First, Plaintiff argues she is the prevailing party by virtue of obtaining a sentence-four remand from the court. (Id. at 2.) Shalala v. Schaefer, 509 U.S. 292, 302 (1993) (Finding that a litigant who obtains a sentence-four remand is a prevailing party.) Second, Plaintiff maintains that the government's position was not substantially justified because (1) the ALJ did not adequately explain his decision to give "considerable weight" to a non-examining state agency physician's medical opinion and such weight is inconsistent with

3

regulations; (2) there did not appear to be a sound basis for rejecting the opinion of Dr. Saylor, an examining physician of Plaintiff; and (3) the "ALJ committed legal error by rejecting the opinion of Dr. Saylor on the ground that Dr. Saylor's evaluation was procured by Plaintiff's counsel." (ECF No. 43-1 at 3.)

    C. <u>Acting Commissioner's Response to Plaintiff's Motion for Attorney's Fees</u>

In response to Plaintiff's Motion for Attorney's Fees, the Acting Commissioner argues that the position taken by the agency was substantially justified. (ECF No. 44 at 1.) The Acting Commissioner contends that "the record in this case was arguably defensible and a reasonable person could think the government's position correct even though the [c]ourt ultimately disagreed." (<u>Id.</u> at 4.) Specifically, the Acting Commissioner highlights that the Magistrate Judge's Report found that the ALJ had appropriately considered the opinion of Dr. Saylor and included sufficient reasons for giving Dr. Saylor's opinion less weight in his analysis of Plaintiff's RFC. (<u>Id.</u>) Ultimately, "[b]ecause reasonable minds can – and in fact <u>did</u> – differ about the appropriate outcome of this action," the Acting Commissioner contends that her position was substantially justified and Plaintiff's EAJA petition should be denied. (<u>Id.</u> at 5.) (emphasis in original).

    D. <u>Review of Plaintiff's Motion for Attorney's Fees</u>

In this matter, the court disagreed with the Magistrate Judge and reversed the ALJ's final decision because the ALJ did not adequately support his decision to discount Plaintiff's examining physician's opinion. Upon consideration of the Acting Commissioner's arguments in opposing Plaintiff's Motion for Attorney's Fees, the court finds that the Acting Commissioner's position was substantially justified.

First, scant explanation on the part of the ALJ does not inevitably lead the Acting Commissioner's position pursuant to the ALJ's decision to be unreasonable or unjustifiable.  See Jordan v. Colvin, No. 8:12-cv-01676-DCN, 2015 WL 3485339, at *2-3 (D.S.C. Jun. 2, 2015).  Here, the ALJ did not sufficiently articulate reasoning as to the weight he gave the opinions of physicians to accommodate a thorough review, but the ALJ did lay out Plaintiff's relevant medical history in some detail.  (ECF No. 41 at 5-8.)  In a recent decision, this court addressed a similar situation where an ALJ failed to adequately explain how he found a physician's opinion inconsistent with the record but did include a discussion of the plaintiff's medical history.  Jordan, 2015 WL 3485339, at *2.  The Commissioner there argued the inclusion of that plaintiff's medical history gave context to the ALJ's decision to not give a physician's opinion considerable weight.  Id.  The court agreed and denied attorney's fees pursuant to the EAJA, stating that "[w]hile [plaintiff's] position did not warrant affirmance, it had 'a reasonable basis in law and in fact' such that 'a reasonable person could think it correct.'"  Id. at *3. In the instant case, as the Acting Commissioner argues, a reasonable person could think her position was correct.

Moreover, it is relevant that the Magistrate Judge and this court, on reflection of the same record, came to different decisions.  The court recognizes and agrees with Plaintiff that an "intermediate judicial determination of merit in the [g]overnment's position" cannot be determinative that the government's position was substantially justifiable.  United States v. Paisley, 957 F.2d 1161, 1167 (4th Cir. 1992).  However, Plaintiff fails to reference the subsequent paragraph in Paisely, which reads:

> "[Merits decisions in a litigation] – and more critically their rationales – are the most powerful available indicators of the strength, hence reasonableness, of the ultimately rejected position. As such, they obviously must be taken into account . . . by a district court in deciding whether the [g]overnment's position, though ultimately rejected on the merits, was substantially justified . . . ."

Id.

Here, the Magistrate Judge found that the ALJ had sufficiently articulated reasons for diminishing the weight of Dr. Saylor's opinion by pointing to inconsistencies within the physician's opinion and Plaintiff's admitted activities as well as a lack of supporting medical evidence. (ECF No. 7-2 at 29-31; ECF No. 44 at 4.) As a reasonable person could accept this reasoning, the Acting Commissioner was not unreasonable in relying on the ALJ's determinations. See, e.g., Levine v. Astrue, No. 0:09-cv-1737- HMH-PJG, 2010 WL 3522383, at *2 (D.S.C. Sept. 3, 2010) (Noting that the court came to a different conclusion than the magistrate judge and finding that "reasonable minds disagreed about the Commissioner's final decision."); Proctor v. Astrue, No. 5:11-cv-311- JFA, 2013 WL 1303115, at *2 (D.S.C. Mar. 29, 2013) ("The fact that the Magistrate Judge sided with the Commissioner and this court disagreed with that recommendation clearly illustrates that the legal issue involved was a close one about which reasonable minds could disagree."); Robinson v. Colvin, No.1:11-3082-CMC-SVH, 2013 WL 3553789, at *2 (D.S.C. July 11, 2013) ("While not determinative, the fact that the Magistrate Judge recommended that the Commissioner's decision be affirmed suggests that the Commissioner's position was substantially justified.")

Also, Plaintiff argues that the weight the ALJ accorded to the opinion of Dr. Vandivier, a non-examining, agency physician, was not adequately explained and inconsistent with applicable regulations. First, the ALJ explained he gave considerable weight to Dr. Vandivier's opinion because it was supported by the evidence in the record and was consistent with Plaintiff's

presentation in a routine examination. (ECF No. 7-2 at 31.) Second, the ALJ's credit given to Dr. Vandivier's opinion is not incompatible with the regulation Plaintiff appears to reference. See SSR 96-6P, 1996 WL 374180, at *2 (July 2, 1996) ("[T]he opinions of State agency medical and psychological consultants . . . can be given weight only insofar as they are supported by evidence in the case record[.]") Here, the ALJ referenced evidence in the record in order to accord Dr. Vandivier's opinion with greater weight than it would otherwise be given. Therefore, a reasonable mind could find there was no error of law committed by the ALJ that would have led the Acting Commissioner's reliance on his findings to be substantially unjustifiable.[3]

Lastly, Plaintiff further argues "the ALJ committed legal error by rejecting the opinion of Dr. Saylor on the grounds that Dr. Saylor was procured by Plaintiff's counsel." (ECF No. 45 at 3.) However, Plaintiff fails to point to any controlling Fourth Circuit precedent that forbids the discounting of physician opinions on the basis of attorney referral alone. Instead, in Jordan v. Colvin, this court held that "the purpose for which medical reports are obtained does not provide legitimate basis for rejecting them" but did not "foreclose the possibly that whether a medical opinion is procured by attorney referral may sometimes be a factor in the weight given to that opinion." Jordan v. Colvin, No. 8:12-cv-01676-DCN, 2013 WL 5317334, at *7 (D.S.C. Sept. 20, 2013). First, the court notes that the ALJ reached his decision in 2010; the Jordan case was not decided until 2013. Second, the ALJ merely noted that Dr. Saylor "was presumably

---

[3] To the extent that Plaintiff is arguing the ALJ committed an error of law under 20 C.F.R. § 404.1527(c)(3) by giving Dr. Vandivier's opinion greater weight, the same reasoning applies. The ALJ discussed enough of Plaintiff's relevant medical history for a reasonable person to find a sufficient explanation had been provided to accord Dr. Vandivier's opinion greater weight. (See ECF 7-2 at 6-7.) The instant regulation reads: "[B]ecause non-examining sources have no examining or treating relationship to you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions. We will evaluate the degree to which these opinions consider all the pertinent evidence in your claim." 20 C.F.R. § 404.1527(c)(3).

compensated for his opinion" but did not flatly reject his opinion for that sole reason.[4] (ECF No. 7-2 at 31.) In fact, the ALJ did go on to consider Dr. Saylor's opinion and accord it some weight. (Id.) Therefore, a reasonable person could conclude that the ALJ had not committed an error of law that would amount to the Acting Commissioner's subsequent reliance on the ALJ's opinion to be void of substantial justification.

Ultimately, the court finds that Plaintiff is not entitled to an award of attorneys' fees pursuant to the EAJA. However, Plaintiff may recover costs in the amount of $350.00 as requested. See 28 U.S.C. § 2412(a)(1) ("Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . .")

## II.     CONCLUSION

For the foregoing reasons, the court **DENIES** attorneys' fees and **GRANTS** costs in the motion of Plaintiff Cynthia E. Bennett Wright brought pursuant to the EAJA, 28 U.S.C. § 2412. The court **DENIES** attorneys' fees in the amount of $8,004.87 but **AWARDS** costs in the amount of $350.00. (ECF No. 43.)

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

June 23, 2015
Columbia, South Carolina

---

[4] The ALJ also reasoned that he diminished the weight given to Dr. Saylor's opinion because of his reliance on Plaintiff's subjective report of her conditions after the ALJ had expressed concerns regarding Plaintiff's credibility. (ECF No. 7-2 at 31.) The ALJ likewise argued Dr. Saylor's opinion should be given less weight because it was inconsistent with Dr. Saylor's own finding that Plaintiff's conditions had stabilized with treatment. (Id.)